IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE JASON ELROY,

    Petitioner,                    No. CIV S-08-1584 GGH P

    vs.

MIKE KNOWLES,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has purported to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, petitioner fails altogether to set forth a conviction or sentence that he challenges, stating instead that "there was no conviction." Petition, p. 1. Petitioner claims vaguely that he was "never convicted on these charges that CDC is using against me." Id. at 3. Petitioner contends that he is "in prison at Vacaville State Prison for a mayham [sic]," and that CDCR is "using something against me that I was never convicted for back in 1994." Id. at 4. Petitioner concedes that he "did a parole violation," but that the unspecified charges were dropped by the Lake County Superior Court. Id. petitioner then states that he does not agree with the judgments of the Solano County Superior Court or the First Appellate District court decision on two cases that he identifies only by what may be the state court case numbers, without further explanation.

1   In order to commence an action, petitioner must file a petition for writ of habeas
2   corpus as required by Rule 3 of the Rules Governing Section 2254 cases, which requires with the
3   filing of a petition that petitioner either pay the required filing fee or file an application
4   requesting leave to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).
5   As to the purported petition, petitioner has simply not set sufficiently set forth any
6   basis whatever for his habeas application.  "Challenges to the validity of any confinement or to
7   particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411
8   U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)." Muhammad v. Close, 540 U.S.749, 750,
9   124 S.Ct. 1303, 1304 (2004) (per curiam).  He has not clearly identified what conviction or
10  sentence he challenges, nor adequately set forth the ground(s) for his challenge.  Petitioner also
11  has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C.
12  §§ 1914(a); 1915(a).  The putative habeas petition will be dismissed.  Petitioner will be provided
13  the opportunity to file an amended petition, and to submit an application requesting leave to
14  proceed in forma pauperis or to submit the appropriate filing fee, within thirty days.
15  In accordance with the above, IT IS HEREBY ORDERED that:
16  1. The purported petition is dismissed with leave to amend;
17  2. Petitioner is granted thirty days from the date of service of this order to file an
18  amended petition that complies with the requirements of the Rules Governing Section 2254
19  Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must
20  bear the docket number assigned this case; petitioner must file an original and two copies of the
21  petition.  Petitioner shall also submit, within thirty days from the date of this order, the
22  application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing
23  fee in the amount of $5.00.  Petitioner's failure to comply with this order will result in a
24  recommendation that this matter be dismissed; and
25  \\\\\
26  \\\\\

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

DATED: 08/01/08

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/ak
elro1584.dis