IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE JASON ELROY,

    Petitioner,                                 No. CIV S-08-1584 GGH P

  vs.

MIKE KNOWLES,

    Respondent.                               ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, filed a purported application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order, filed on 8/01/08, the original filing was dismissed with leave to amend. Also, on 8/01/08, petitioner consented to the jurisdiction of the undersigned. See Docket # 4. On 8/11/08, petitioner filed an amended petition, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       In the prior order, petitioner was informed that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)." Muhammad v. Close,

1

540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).  <u>Order</u>, filed on 8/01/08, p.2. Nevertheless, petitioner begins his application again with the statement "there was no conviction." Although petitioner, currently housed at California State Prison-Vacaville, states that he is serving a prison term for a conviction of mayhem, the gravamen of his claim is that he has been wrongly ascribed an "R" suffix in his prison file by the California Department of Corrections and Rehabilitation (CDCR). Petition, pp. 3-5. Petitioner sets forth that the basis for the custody designation is his 1994 parole violation for lewd and lascivious acts with a minor under fourteen (14). Id., at 4. Although he does not deny the parole violation, petitioner avers the charges were dismissed in 1994 by Lake County Superior Court. Id., at 3-4. Petitioner appears to contend that two case numbers, which apparently relate to the charges he states were dismissed, are wrongly included in his prison record. Id., at 4.

Petitioner contends that, under Cal. Code Regs. tit.xv, § 3377.1, an "R" suffix shall not be applied if an inmate is acquitted of sex related charges in a court of law, even if the Board of Parole Hearings (BPH) found good cause or probable cause to revoke parole based on those charges. Petition, p. 5. The regulation cited, in part, states:

> b) An "R" suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290.
>
>> (1) The "R" suffix shall be affixed during reception center processing if one of the following four criteria applies:
>> ..................................................................................................
>>
>>> (B) The inmate's parole was revoked by the Board of Parole Hearings (BPH) formerly known as the Board of Prison Terms/Parole Hearing Division, Good Cause/Probable Cause Finding of an offense that is equivalent to an offense listed in PC Section 290.
>> ..................................................................................................

Cal. Code Regs. tit.xv, § 3377.1(b)(1)(B).

1   Petitioner evidently relies on the following provision, as set forth under CAL. CODE
2   REGS. tit.xv, § 3377.1(b)(9):

> An "R" suffix shall not be applied if the inmate was
> acquitted/found not guilty of the sex related charges in a court of
> law even if BPH Good Cause/Probable Cause Finding revoked
> his/her parole for those sex related charges.

Whether or not petitioner's alleged dismissal is embraced within this provision is not, however, a challenge upon which he can proceed by way of a habeas petition. To broaden the quotation referenced in both the previous order and above, petitioner is informed that:

> Federal law opens two main avenues to relief on complaints related
> to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
> and a complaint under the Civil Rights Act of 1871, Rev. Stat.
> 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of
> any confinement or to particulars affecting its duration are the
> province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
> 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
> turning on circumstances of confinement may be presented in a §
> 1983 action.

Muhammad v. Close, supra, at 750, 124 S.Ct. at 1304. Plainly, in challenging his custody designation or classification by prison officials, plaintiff is requesting relief based on the circumstances of his confinement.   Nothing about petitioner's challenge implicates the duration of his confinement.  To the extent that petitioner seeks expungement from his prison file of references to cases he claims were dismissed, he does not maintain that any such expungement would have any effect at all on the duration of his prison sentence. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) ("Habeas corpus jurisdiction ... exists when a petitioner seeks expungement of a disciplinary finding from his record *if expungement is likely to accelerate the prisoner's eligibility for parole."* [Emphasis added]).

Thus, this court finds that the amended petition must be dismissed.  If he chooses, petitioner, as plaintiff, may seek to proceed in a civil rights action, pursuant to 42 U.S.C. § 1983. Stevens v. Robles, 2008 WL 667407 *7 (S.D. Cal. Mar. 7, 2008)("[t]he 'R' suffix classification

3

designating [plaintiff] as a sex offender could give rise to a liberty interest only if the Sandin[1] deprivations are implicated.")  To proceed by way of the appropriate vehicle, plaintiff must file a new action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted; and

2. The amended petition is dismissed; and

3. This case is closed.

DATED: 10/30/08

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
elro1584.cls

---

[1] Sandin v. Conner, 515, U.S. 472, 483-484, 115 S. Ct. 2293, 2300 (1995): "we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."